**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: GRANT DINEHART LANGDON,                          1:20-PF-0002 (GTS)

                 Respondent.
_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

Recently Senior United States District Judge Thomas J. McAvoy recommended that the undersigned consider whether Grant Dinehart Langdon ("Respondent") should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee. *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order, at *4 (N.D.N.Y. filed Jan. 16, 2020) (McAvoy, J.).

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). For example, "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). When deciding whether or not to so restrict a litigant's future access to the court, the court should consider the following five factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

With regard to the first factor, granted, Respondent has litigated only two actions *pro se* in this Court. *See Langdon v. Cty. of Columbia*, 98-CV-0173, Complaint (N.D.N.Y. filed Feb. 2, 1998); *Langdon v. Cty. of Columbia*, 13-CV-0842, Complaint (N.D.N.Y. filed July 17, 2013). However, both of those actions have been duplicative in nature in that they have re-asserted claims that had previously been dismissed. *See Langdon v. Cty. of Columbia*, 98-CV-0173, Memorandum-Decision and Order (N.D.N.Y. filed July 14, 1999) (Munson, J.) (dismissing Respondent's *pro se* Amended Complaint for failure to state a claim based on doctrine of *res judicata*); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed Sept. 16, 2013) (McAvoy, J.) (dismissing Respondent's *pro se* Complaint for failure to state a claim based on doctrine of *res judicata*).

Moreover, both of those actions have entailed vexatious filings. *See, e.g., Langdon v. Cty. of Columbia*, 98-CV-0173, Decision and Order (N.D.N.Y. filed June 14, 2004) (Munson, J.) (denying Respondent's motion for sanctions); *Langdon v. Cty. of Columbia*, 98-CV-0173, Decision and Order (N.D.N.Y. filed Jan. 23, 2009) (Hurd, J.)

(denying Respondent's motion to reopen case and motion for sanctions, because those motions are "frivolous, unreasonable, and groundless"); *Langdon v. Cty. of Columbia*, 98-CV-0173, Order (N.D.N.Y. filed Feb. 4, 2009) (Hurd, J.) (denying Respondent's motion for reconsideration); *Langdon v. Cty. of Columbia*, 98-CV-0173, Order (N.D.N.Y. filed Feb. 10, 2009) (Hurd, J.) (denying Respondent's motion to replace previous motion); *Langdon v. Cty. of Columbia*, 98-CV-0173, Order (N.D.N.Y. filed Feb. 19, 2009) (Hurd, J.) (denying Respondent's motion for sanctions or jury trial, and prohibiting him "from filing any further papers with the court"); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed July 21, 2014) (McAvoy, J.) (denying Respondent's motion for reconsideration as repetitive and "meritless," and warning him of potential monetary sanctions); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed May 30, 2018) (McAvoy, J.) (denying Respondent's second and third motions for reconsideration, and further warning him of potential monetary sanctions); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed Jan. 16, 2020) (McAvoy, J.) (denying Respondent's fourth motion for reconsideration, issuing bar order against him, and recommending issuance of pre-filing order).

Indeed, Respondent's filings have become harassing. *See, e.g., Langdon v. Cty. of Columbia*, 13-CV-0842, Plfs.' *Fourth* Motion for Reconsideration (N.D.N.Y. filed Dec. 23, 2019) (calling Senior U.S. District Judge Thomas J. McAvoy a "Cantankerous Old Bastard").

With regard to the second factor, in light of the foregoing litigation history, the

Court finds that Respondent cannot possibly have an objective good-faith expectation of prevailing in his actions and/or motions. *See, e.g., Langdon v. Cty. of Columbia*, 98-CV-0173, Decision and Order (N.D.N.Y. filed Jan. 23, 2009) (Hurd, J.) (denying Respondent's motion to reopen case and motion for sanctions, because those motions are "frivolous, unreasonable, and groundless"); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed May 27, 2014) (McAvoy, J.) (denying Plaintiffs' motion for attorney's fees on the ground that they were not the prevailing party and they were proceeding without an attorney). The Court notes that, on September 1, 2013, Respondent was provided with a courtesy copy of both the District's Local Rules of Practice and *Pro Se* Handbook, which set forth the need for a motion to be supported by a memorandum of law and affidavit, and the need for a motion for reconsideration to be filed within fourteen days of the challenged order. *Langdon v. Cty. of Columbia*, 13-CV-0842, Notice (N.D.N.Y. filed Sept. 5, 2013). However, after that date, Respondent consistently continued to ignore those procedural requirements.

With regard to the third factor, again, in light of the foregoing litigation history, the Court finds that Respondent has caused needless expense to other parties through making them respond to his frivolous claims and motions. *See, e.g., Langdon v. Cty. of Columbia*, 98-CV-0173, Defs.' Motion to Dismiss (N.D.N.Y. filed Apr. 14, 1998); *Langdon v. Cty. of Columbia*, 13-CV-0842, Cty. Defs.' Motion to Dismiss (N.D.N.Y. filed July 24, 2013); *Langdon v. Cty. of Columbia*, 13-CV-0842, Cty. Def. Shaw' Motion to Dismiss (N.D.N.Y. filed Aug. 14, 2013); *Langdon v. Cty. of Columbia*,

4

13-CV-0842, Defs.' Opp'n to Plfs.' Motion for Reconsideration (N.D.N.Y. filed July 11, 2014); *Langdon v. Cty. of Columbia*, 13-CV-0842, Defs.' Opp'n to Plfs.' Motion for Reconsideration (N.D.N.Y. filed Jan. 15, 2020).

Similarly, Respondent has posed an unnecessary burden on the Court through making it decide his frivolous claims and motions (many of which were filed after the case had been closed). *See, e.g., Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed July 21, 2014) (McAvoy, J.); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed May 30, 2018) (McAvoy, J.); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed Jan. 16, 2020) (McAvoy, J.).

Finally, with regard to the fifth factor, the Court finds that lesser sanctions would not be adequate to protect the courts and other parties. For example, Respondent's conduct has persisted despite the fact that he has been directed to pay attorney's fees and costs. *See Langdon v. Cty. of Columbia*, 98-CV-0173, Decision and Order (N.D.N.Y. filed Jan. 23, 2009) (Hurd, J.) (awarding defendants reasonable attorneys fees and costs); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed Sept. 16, 2013) (McAvoy, J.) (awarding defendants reasonable attorneys fees and costs). It has persisted despite the fact that he has been warned of further monetary sanctions. *See Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed July 21, 2014) (McAvoy, J.) (warning Respondent of potential monetary sanctions); *Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed May 30, 2018) (McAvoy, J.) (further warning Respondent of

potential monetary sanctions). It has persisted despite the fact that he has been warned of detention for contempt of court. *See, e.g., Langdon v. Cty. of Columbia*, 98-CV-0173, Plf.'s Letter to Court (N.D.N.Y. filed Dec. 23, 2019) (stating, "I will not pay the $6,272.89 you ordered me to pay. . . . [T]hrow me in you[r] God dammed [sic] jai[l.]"). It has even persisted despite the fact that he has been barred from making filings (in particular actions) *pro se*. *Compare Langdon v. Cty. of Columbia*, 98-CV-0173, Order (N.D.N.Y. filed Feb. 19, 2009) (Hurd, J.) (prohibiting Respondent "from filing any further papers with the court") *with Langdon v. Cty. of Columbia*, 98-CV-0173, Letter to Court (N.D.N.Y. filed Dec. 7, 2010); *compare Langdon v. Cty. of Columbia*, 13-CV-0842, Decision and Order (N.D.N.Y. filed Jan. 16, 2020) (McAvoy, J.) (issuing bar order against him) *with Langdon v. Cty. of Columbia*, 13-CV-0842, Plf.'s Letters and Letter-Motions (N.D.N.Y. filed Jan. 21, 23, 24, 29, and 30, and Feb. 3 and 18, 2020).

Based on a careful weighing of these five factors, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

Notwithstanding the overwhelming support for an anti-filing injunction, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[1] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail; and it is further

**ORDERED** that the Clerk shall re-file in the above-captioned matter any Letter-Motion or Letter that Respondent has addressed to the undersigned in Action 13-CV-0842.

The Court certifies that an appeal from this Order to Show Cause would not be

---

[1] This injunction would apply to, among other things, continued filings of documents by Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by him in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by him in this Court, and asserted against defendants who had been previously sued by him in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 & nn.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).

taken in good faith.

Dated: February 26, 2020
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge